Filed 9/9/20  P. v. Martinez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ELEGUA JESUS MARTINEZ,<br><br>　　　Defendant and Appellant. | B300232<br><br>(Los Angeles County<br>Super. Ct. No. BA471830) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed as modified.

　　　Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General for Plaintiff and Respondent.

————————

A jury found Elegua Jesus Martinez guilty of injuring his girlfriend, attempting to dissuade a witness, and contempt of court. His sentence included two prior prison term enhancements under Penal Code section 667.5, subdivision (b). His sole claim on appeal is the enhancements no longer apply and should be stricken due to Senate Bill No. 136 (2019–2020 Reg. Sess.) (SB 136). We order the enhancements stricken and otherwise affirm.

All statutory citations are to the Penal Code.

I

We abbreviate the facts because Martinez's single appellate claim does not turn on them. On July 17, 2018, Martinez hit and choked U.S., the woman with whom he had lived. We refer to the victim by her initials to protect her personal privacy interests. (Cal. Rules of Court, rule 8.90(b)(4).) Martinez admitted he injured U.S. A court ordered him not to contact her, but Martinez told U.S. not to come to court.

A jury convicted Martinez of one count of injuring a cohabitant or girlfriend after he had a prior conviction for the same offense (§ 273.5, subd. (f)(1)), three counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2)), and four counts of misdemeanor contempt of court (§ 166, subd. (c)(1)). Martinez admitted two prior felony convictions. The priors were for assault with a deadly weapon (§ 245, subd. (a)(1)) and injuring a spouse or cohabitant (§ 273.5).

On May 31, 2019, the court sentenced Martinez to 18 years in state prison. For injuring a cohabitant or girlfriend, the court sentenced him to 14 years: the midterm of four years, doubled to eight years due to his prior strike (§§ 667, subds. (b)–(i), 1170.12),

2

plus five years for the serious felony (§ 667, subd. (a)(1)), plus one year for one of the prior prison term enhancements (§ 667.5, subd. (b)).  For one of the counts of attempting to dissuade a witness, the court sentenced him to four years:  the midterm of two years, doubled due to his prior strike (§§ 667, subds. (b)–(i), 1170.12).  The court imposed concurrent terms for the remaining counts and imposed but stayed punishment for Martinez's second prior prison term enhancement.

II

At the time of Martinez's sentencing, section 667.5, subdivision (b) required the court to impose a one-year term for each prior separate prison term under section 1170, subdivision (h).  On October 8, 2019, the Governor signed SB 136, and the change became effective January 1, 2020.  This bill amended section 667.5, subdivision (b) to limit the enhancement to prior prison or jail terms for certain sexually violent offenses.

SB 136 applies to Martinez.  The People concede and we agree SB 136 applies retroactively to Martinez, whose judgment was not final when the ameliorative change took effect.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 698–699.)  Martinez had no prior prison terms for sexually violent offenses.  Accordingly, the two prior prison enhancements must be stricken.

Martinez and the People disagree about whether we should remand to the trial court for resentencing.  Martinez says we should strike the enhancements and direct the trial court to prepare an amended abstract of judgment.  The People say we should remand to the trial court for resentencing.

We remand for resentencing because when an appellate court strikes part of a sentence on review, a full resentencing as to all counts is appropriate so the trial court may exercise its

3

sentencing discretion in light of the changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

Martinez says we need not remand because the court said at sentencing, "I did not impose and will not impose the high term on any count . . . ." That statement was about whether the court would apply the low, middle, or high terms for Martinez's counts. It did not address enhancements. Furthermore, the court made the statement before SB 136 foreclosed Martinez's section 667.5, subdivision (b) enhancements. We remand for resentencing because the court's statement does not disclose what the court would do under these changed circumstances.

## DISPOSITION

The matter is remanded for a resentencing hearing. The court shall strike the two section 667.5, subdivision (b) sentencing enhancements. In all other respects, the judgment is affirmed.

WILEY, J.

We concur:

BIGELOW, P. J.

GRIMES, J.

4